UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.: 3:20-cv-391-CRS
*Electronically Filed*

JORDYN R. MCDONALD, AS PARENT
AND STATUTORY GUARDIAN ON BEHALF OF T.A., MINOR
JORDYN R. MCDONALD, INDIVIDUALLY     PLAINTIFFS

v.

DNA DIAGNOSTICS CENTER, INC. and NATERA, INC., and
CICILY MUHAMMAD     DEFENDANTS

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Come now the Defendants DNA Diagnostics Center, Inc., Natera, Inc., and Cicily Muhammad (hereinafter collectively referred to as "Defendants"), by and through counsel, and for their Answer and affirmative defenses to Plaintiffs' Complaint, hereby state as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a claim against Defendants for which relief can be granted.

### SECOND DEFENSE

As to the numbered paragraphs in the Complaint:

### PARTIES

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. The allegations contained in Paragraph 4 of the Complaint are directed to a party that has been fraudulently joined to this action, and so no response to same is required. If a response is required, the Defendants deny the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Paragraph 5 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants expressly deny any implication of wrongdoing.

6. Paragraph 6 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

7. Paragraph 7 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

8. Paragraph 8 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

9. Paragraph 9 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

## FACTUAL BASIS OF CLAIM

10. The allegations in Paragraph 10 of Plaintiffs' Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants expressly deny any implication of wrongdoing.

11. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 11 of Plaintiffs' Complaint and therefore deny.

12. As to the allegations contained in Paragraph 12 of Plaintiffs' Complaint, Defendants admit that a Prenatal Paternity Test was performed using a specimen from Mr. Ralston which produced results indicating a 0% probability of paternity related to that test. With the exception of the specific admission made herein, Defendants deny any remaining allegations.

13. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33. Paragraph 33 of Plaintiffs' Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 33.

34. Paragraph 34 of Plaintiffs' Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 34.

35. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36. As to the allegations contained in Paragraph 36 of Plaintiffs' Complaint, Defendants admit that Mr. Ralston underwent a Paternity test on January 10, 2017. With the exception of the specific admission made herein, Defendants deny any remaining allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37. As to the allegations contained in Paragraph 37 of Plaintiffs' Complaint, Defendants admit that the paternity test conducted on January 10, 2017 resulted in a 99.99% probability of paternity with respect to Mr. Ralston. With the exception of the specific admission made herein, Defendants deny any remaining allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 40 of Plaintiffs' Complaint and therefore deny same.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42. As to the allegations contained in Paragraph 42 of Plaintiffs' Complaint, Defendants admit that a DNA and paternity test was performed on the individuals identified in Paragraph 42. With the exception of the specific admission made herein, Defendants deny any remaining allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43. As to the allegations contained in Paragraph 43 of Plaintiffs' Complaint, Defendants admit that the testing performed on January 22, 2019 produced results signaling a 99.99% probability of paternity. With the exception of the specific admission made herein, Defendants deny any remaining allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44. Paragraph 44 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 44.

45. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 45 of Plaintiffs' Complaint and therefore deny same.

46. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 46 of Plaintiffs' Complaint and therefore deny same.

47. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 47 of Plaintiffs' Complaint and therefore deny same.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49. Defendants lack knowledge or information sufficient to determine the truth or falsity of the allegations contained in Paragraph 49 of Plaintiffs' Complaint and therefore deny same.

### CLAIMS FOR RELIEF

### COUNT I
### FRAUDULENT MISREPRESENTATION

50. As to averments contained within Paragraph 50 of the Complaint, Defendants reincorporate, re-aver, and re-allege their answers to Paragraphs 1 through 49 of Plaintiffs' Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

### COUNT II
### PARTIAL LOSS OF CONSORTIUM

57. As to averments contained within Paragraph 57 of the Plaintiffs' Complaint, Defendants reincorporate, re-aver, and re-allege their answers to Paragraphs 1 through 56 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 and therefore deny same.

60. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 and therefore deny same.

## COUNT III
## PUNITIVE DAMAGES

61. As to averments contained within Paragraph 60 of the Complaint, Defendants reincorporate, re-aver, and re-allege their answers to Paragraphs 1 through 59 of Plaintiffs' Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63. Each and every allegation contained with Plaintiffs' Complaint that is not specifically admitted herein is hereby denied.

## THIRD DEFENSE

Subject to what discovery may reveal, Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations and/or repose.

## FOURTH DEFENSE

Defendants affirmatively plead the Plaintiffs' Complaint failed to plead fraud or deception to the heightened standard required under Kentucky law and that same serves as a complete bar to those claims.

## FIFTH DEFENSE

Subject to what discovery may reveal, the injuries and damages alleged in the Complaint may have been caused by the acts, omissions and/or active primary negligence and/or intentional conduct and/or the intervening and superseding negligence of persons or entities other than the

Defendants. Such negligence and/or intentional acts by these persons or entities preclude any liability of Defendants and/or requires apportionment of fault attributable to persons other than Defendants.

### SIXTH DEFENSE

Subject to what discovery may reveal, the injuries and damages alleged in the Complaint may have been caused in whole or in part by the contributory and/or comparative negligence of the Plaintiff, by reason of a failure to use the degree of care which would have been used by an ordinary, reasonable and prudent person under the same or similar circumstances. This negligence proximately caused, contributed to, and was a substantial factor in causing the injuries and damages alleged in the Complaint. Any damages to which Plaintiffs may be found to be entitled are barred and/or should be reduced in proportion to the amount of fault attributable to the Plaintiffs.

### SEVENTH DEFENSE

To the extent that there exists any person or entity who has paid any amounts to or for the benefit of Plaintiffs, on account of events or injuries or damages alleged in the Complaint, and who has not been properly notified of their subrogation rights, Plaintiffs have failed to comply with KRS 411.188 and the underlying Complaint is barred. Alternatively, Plaintiffs are precluded from recovery of amounts which are the subject of subrogation rights. Moreover, to the extent such person or entity exists, Plaintiffs are not the real party in interest to the extent of any such payment.

### EIGTH DEFENSE

Plaintiffs failed to plead special damages, if any, with specificity as required by Rule 9.6 of the Kentucky Rules of Civil Procedure. Any claims for special damages are therefore barred.

## NINTH DEFENSE

Plaintiffs' claim for punitive damages is barred by the provisions of KRS § 411.184 and the prohibition against excessive fines contained in the 8th Amendment to the United States Constitution, by the Due Process Clause of the 14th Amendment to the United States Constitution, as well as §§ 2 and 14 of the Kentucky Constitution. The substantive proof of, and the procedures set out in Kentucky's punitive damages system, violate the Due Process Clause of the 14th Amendment of the United States Constitution and provisions of the Kentucky Constitution.

## TENTH DEFENSE

Defendants plead all defenses related to insufficiency of process, service of process and/or venue.

## ELEVENTH DEFENSE

Subject to what discovery may reveal, the Complaint may be barred by the doctrines of waiver, estoppel, laches, release and accord and satisfaction and any and all other affirmative defenses including but not limited to those contained in the Kentucky Rules of Civil Procedure 8.03 and 12.02. Defendants therefore plead those defenses as if set out at length herein.

## TWELFTH DEFENSE

Subject to what discovery may reveal, Plaintiffs' claims in this lawsuit may be subject to a binding Alternative Dispute Resolution Agreement ("ADR Agreement"). If there is an enforceable ADR Agreement, it would require dismissal of this action pursuant to KRS § 417.050 and 9 U.S.C. § 2, which each provide that a written arbitration agreement "is valid, enforceable and irrevocable, save upon such grounds as exist at law for the revocation of any contract."

## **THIRTEENTH DEFENSE**

Defendants reserve the right to supplement this Answer and plead any and all additional defenses and affirmative defenses which may arise during the course of the litigation. Defendants further reserve all potential counterclaims, cross-claims, and third-party claims, if appropriate, as discovery continues.

**WHEREFORE**, Defendants DNA Diagnostics Center, Inc., and Natera, Inc., hereby demands as follows:

1. Dismissal of the Complaint with prejudice; or

2. Trial by jury; and

3. Recovery of their costs, expenses and attorney's fees as allowed by law; and

4. Any and all other relief to which Defendants may appear entitled.

Respectfully submitted,

REMINGER CO., L.P.A.

*/s/* Andrew C. Pettijohn
Andrew C. Pettijohn, Esq. #97308
730 West Main Street, Suite 300
Louisville, KY 40202
Telephone: (502) 584-1310
Facsimile:  (502) 589-5436
Email: apettijohn@reminger.com
*Counsel for DNA Diagnostics Center, Inc.;*
*Natera, Inc.; and Cicily Muhammad*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been electronically filed with the Kentucky e-Filing system on this 5th day of June, 2020.  Furthermore, I hereby certify that on June 5, 2020, a true and accurate copy of the foregoing was sent via U.S. Mail, postage paid, to the following:

Pirata PSC d/b/a Jeffrey A. Sexton, Attorney
325 W. Main St., Ste. 150
Louisville, Kentucky 40202
(502) 893-3784
*Counsel for Plaintiffs*

/s/ Andrew C. Pettijohn
Andrew C. Pettijohn