UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JORDYN R. MCDONALD, INDIVIDUALLY AND**     **PLAINTIFFS**
**AS PARENT AND STATUTORY GUARDIAN ON**
**BEHALF OF T.A., MINOR**

vs.     NO. 3:20-CV-391-CRS

**DNA DIAGNOSTICS CENTER, INC.,** *et al.*     **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Rule 12(c) motion for judgement on the pleadings with respect to her claim for fraudulent misrepresentation against Defendants DNA Diagnostics Center, Inc. ("DNA Diagnostics") and Natera, Inc. ("Natera") (collectively "Defendants").[1] Defendants responded. Plaintiff replied. Although Plaintiff has since moved to file an amended complaint, DN 13, her claim for fraudulent misrepresentation remains identical to that which was set forth in the original complaint, so no further briefing is required with respect to the instant motion. The matter is now ripe for adjudication. For the following reasons, Plaintiff's motion will be denied.

### I. BACKGROUND

Plaintiff Jordyn R. McDonald, individually and in her capacity as parent and statutory guardian of T.A., a minor, brought this action against Defendants DNA Diagnostics and Natera, "two entities involved in genetic testing," as well as Cicily Muhammad, an employee of DNA Diagnostics. DN 8-1 at 1; DN 1-1. In 2014, Plaintiff, who was pregnant at the time, alleges she

---

[1] Plaintiff's motion also sought judgment on the pleadings on behalf of T.A., who is a minor, with respect to a claim for loss of parental consortium. However, Plaintiff has since moved to voluntarily dismiss this claim. DN 15. In granting Plaintiff's motion to voluntarily dismiss the loss of parental consortium claim, Defendant Natera's cross-motion for judgement on the pleadings for that claim, DN 8, is rendered moot.

contracted with Defendants for a paternity test to determine whether Eric J. Ralston ("Ralston"), Plaintiff's then-boyfriend, was the father of the child. DN 1-1 ¶ 10–11. The test results reported that Ralston was not the father, and, as a result, Plaintiff states that she and Ralston ended their relationship. *Id.* ¶ 12–13. However, in 2017, as the complaint states, Ralston agreed to another paternity test after seeing pictures of T.A. *Id.* ¶ 36. This time, Plaintiff claims, the results showed that Ralston was in fact the father, which was confirmed again by yet another paternity test in 2019. *Id.* ¶¶ 37, 43. As a result of Defendants' alleged fraudulent misrepresentation, Plaintiff claims she "was caused to suffer severe physical pain, mental anguish, pecuniary losses, and loss of enjoyment of life." *Id.* ¶ 55.

McDonald commenced the present action in Kentucky state court on April 28, 2020, individually and in her capacity as parent and legal guardian of T.A., who is a minor. DN 1-1. Defendants removed the case to federal court. DN 1. Plaintiffs' complaint alleges fraudulent misrepresentation, loss of parental consortium on behalf of T.A., and a claim for punitive damages. Plaintiff moved for judgment on the pleadings as to the claims for fraudulent misrepresentation and loss of parental consortium. DN 7. However, Plaintiff has since moved to voluntarily dismiss the loss of parental consortium claim. DN 15. Therefore, the Court will address Plaintiff's motion only with respect to her claim for fraudulent misrepresentation.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed . . . any party may move for judgment on the pleadings." Pleadings are closed once a complaint and answer have been filed. Fed. R. Civ. Proc. 7(a). When considering a 12(c) motion, "'all well-pleaded material allegations of the pleadings of the [non-movant] must be taken as true.'" *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (quoting *Southern Ohio Bank v. Merrill Lynch*, *Pierce,*

*Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).  "However, the Court need not accept as true legal conclusions or unwarranted factual inferences." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).  "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

### III. DISCUSSION

To prove her claim for fraudulent misrepresentation, Plaintiff must establish by clear and convincing evidence "1) a material misrepresentation; 2) which is false; 3) known to be false or made recklessly; 4) made with inducement to be acted upon; and 5) acted in reliance thereon and causing injury." *Denzik v. Denzik*, 197 S.W.3d 108, 110 (Ky. 2006).  Defendants admit the 2014 test results state there was a 0% probability that Ralston was the father of T.A., DN 4 ¶ 12, while the subsequent tests in 2017 and 2019 show that Ralston is in fact the father. *Id.* ¶¶ 37, 43.  Upon this basis alone, Plaintiff asserts that Defendants "knew the material misrepresentation that there was a 0% chance Ralston was the father was false or made such material representation recklessly." DN 7 at 8.  Furthermore, Plaintiff claims Defendants knew that the alleged material misrepresentation would be acted upon by Plaintiff, and that Plaintiff did in fact reasonably act in reliance. *Id.*

However, such conclusory assertions are insufficient for Plaintiff to prevail on her 12(c) motion, which only permits consideration of what is alleged in the pleadings.  In their answer, Defendants unequivocally deny each of the allegations that correspond to the required elements of Plaintiff's fraudulent misrepresentation claim.  DN 4 ¶¶ 51–56.  Since the Court must take the allegations of the non-movant as true, *Lavado*, 992 F.2d at 605, and "need not accept as true legal conclusions or unwarranted factual inferences," *Grindstaff*, 133 F.3d at 421, Plaintiff cannot prove

her claim of fraudulent misrepresentation on the pleadings alone as Rule 12(c) requires her to do. Defendants' admission that the complaint accurately describes the three test results does not amount to establishment of the elements of fraudulent misrepresentation for Plaintiff.

In her reply, Plaintiff argues that given the general reliability of DNA paternity tests, Defendants' reporting of contradictory test results was "grossly negligent . . . which rises to the level of recklessness in Kentucky." DN 16 at 3. Furthermore, Plaintiff claims that "an application of *res ipsa loquitor* to gross negligence instead of simple negligence" in this case shows that Defendants' alleged misrepresentation was "so grossly negligent and reckless that it is fraudulent." *Id.* at 4. There are at least two problems with this argument. The first is that the doctrine of *res ipsa loquitor* only applies in actions for negligence. *See Perkins v. Hausladen*, 828 S.W.2d 652, 656 (Ky. 1992) ("'A *res ipsa loquitur* case is ordinarily merely one kind of case of circumstantial evidence, in which the jury may reasonably infer both negligence and causation from the mere occurrence of the event and the defendant's relation to it.'" (quoting Restatement (Second) of Torts § 328D cmt. B (Am. Law Inst. 1975))). Here, the doctrine is inapplicable to Plaintiff's fraudulent misrepresentation claim. The second is that Plaintiff's argument is merely another attempt at alleging that Defendants possessed a mental state that is not supported by their answer. Therefore, Plaintiff's argument in her reply does not cure the defect upon which her motion is premised, as she cannot establish the elements of fraudulent misrepresentation by reference to only the pleadings.

## IV.  CONCLUSION

For the reasons discussed herein, Plaintiff's motion for judgment on the pleadings, DN 7, will be denied by separate order.

October 29, 2020



Charles R. Simpson III, Senior Judge
United States District Court